## Lummis & Company, Appellant, *v.* John F. Devine.

*Contract—Evidence—Conduct of parties as construction.*

When a writing is plain and free from ambiguity, it will not be construed by the acts and admissions of the parties in reference to it, yet where the intention is obscure or doubtful, no evidence is more reliable or entitled to greater consideration as manifesting what that intention was than the acts and conduct of the parties themselves.

Argued Oct. 14, 1898.    Appeal, No. 142, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1897, No. 146, in favor of defendant non obstante veredicto. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Assumpsit.    Before BEITLER, J.

It appears from the evidence that defendant was secretary of the plaintiff corporation and on March 27, 1889, the following resolution was passed : " Resolved, That John F. Devine as secretary of the company, shall receive for his services ten per cent of the net profits of the company." In 1890 this resolution was re-enacted and fixed the terms of his employment for that year. On May 12, 1891, the following resolution was offered and unanimously adopted : " Resolved, That H. P. Lummis, as president of the board and general manager of the business of the corporation, shall receive for his services half of the net profits of the company. Resolved, That the half-profits shall be held to also mean half the net running losses. Resolved, That John F. Devine, as secretary of the corporation and general clerk, shall receive for his services ten per cent of the net profits of the company, with salary of fifteen dollars per week, the same to continue until March 1, 1892. Resolved, That the ten per cent. of the profits shall be held to also mean ten per cent. of the net running losses."

The business having proved unprofitable during the year from March 1, 1896, to March 1, 1897, and showing a net loss of $5,055.14, the plaintiff brought suit to recover ten per cent thereof in accordance with the provisions of the second clause. The jury found a verdict for plaintiff for $535.84, the court,

however, reserving the point, whether under the resolution of May 12, 1891, there was an obligation on the part of defendant to pay ten per cent of the losses, if any.

Judgment was entered for the defendant on the point reserved non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment on the point reserved in favor of defendant non obstante veredicto.

*J. S. Freemann*, with him *Jno. F. Keator*, for appellant.— The principles of law bearing upon the question involved in this case have been fully and fairly set forth in the opinion of LOWRIE, J., in the case of Miller v. Fichthorn, 31 Pa. 252. See also Musselman v. Stoner, 31 Pa. 265.

This court has already passed upon the proper method of construing ambiguous contracts in the case of Wright v. Gas Co., 2 Pa. Superior Ct. 219.

*Andrew Zane*, with him *Frederick R. Reeves*, for appellee.— The record shows that the appellant (plaintiff in the court below) took no exception to the verdict for plaintiff with point reserved, nor did he move the court for judgment in his favor upon the point reserved, nor did he take any exception to the entry of judgment by the court below in favor of the defendant upon the point reserved non obstante veredicto ; hence he has no standing in this court, and his appeal should be dismissed and the judgment of the court below affirmed : Yard v. Pancoast, 108 Pa. 384 ; Fulton v. Peters, 137 Pa. 613.

The last clause of the resolution, upon which plaintiff in the court below based its claim, having no meaning in itself, under the authorities cited by the appellant, which truly state the law of this commonwealth, the true intention and understanding of the parties at the adoption of the resolution must be sought, or in the language of the appellant, " That force and effect which the parties themselves had evidently placed upon it," must be ascertained. This intention can only be learned by reference to the testimony given before the jury at the trial, which appellant has so carefully and adroitly avoided quoting in the argument contained in his paper-book. Courts are obliged to take the language employed and apply it to the surrounding

circumstances, exactly as they believe the parties applied it: Wright v. Gas Co., 2 Pa. Superior Ct. 219.

OPINION BY ORLADY, J., January 18, 1899:

On May 12, 1891, the plaintiff corporation passed a resolution to fix the compensation to be paid to the defendant, viz: "Resolved, that John F. Devine, as secretary of the corporation and general clerk, shall receive for his services ten per cent. of the net profits of the company with fifteen dollars per week, the same to continue until March 1, 1892; Resolved that the ten per cent. of the profits shall be held to also mean ten per cent. of the net running losses."

During the five succeeding years, the business was conducted at a profit, and the defendant received the weekly payment and ten per cent of the net profits, but, during the year ending March 1, 1897, the business netted a loss of $5,055.14 and the corporation seeks in this action to recover from the defendant ten per cent of that amount, under the second clause of the resolution. The appellant urges that it should be interpreted so as to read, that the receipt of ten per cent of the profits shall be held also to mean a liability to pay ten per cent of the net running losses, and the appellee contends that the reference to losses is meaningless and void for uncertainty. The resolution was passed without comment or explanation and the burden is on the plaintiff to maintain his contention. We are not aided by any evidence on the part of the plaintiff to administer the contract according to the very intention and understanding of the parties at the time it was passed; but the defendant's evidence shows that during the year in which the losses occurred, and after they were known by the corporate officers, the salary of the secretary was paid at regular intervals as if the provision in the second clause in regard to the losses was surplusage, and that no demand was made on him for this proportion until after he had severed his official relation with the corporation. If this officer is to be held liable, to a limitless amount, for losses resulting from mismanagement of officials or employees over whom he had no control; the insolvency of creditors he did not know; the waste or destruction of property he could not prevent, it should be plainly nominated in the writing or else the conduct of the parties, when acting under it, should be free from doubt as to

their intention at the time the resolution was passed and at the time the losses occurred. We do not say that the losses in this case resulted from the suggested causes, but the effect is the same if they were so induced. The language used requires some explanation to make it intelligible, and the management of the business controverts the appellant's construction. When a writing is plain and free from ambiguity, it will not be construed by the acts and admissions of the parties in reference to it, yet, where the intention is obscure or doubtful, no evidence is more reliable or entitled to greater consideration, as manifesting what that intention was, than the acts and conduct of the parties themselves: Coleman v. Grubb, 23 Pa. 393; Wright v. Gas Co., 2 Pa. Superior Ct. 219; Hogg v. Bailey, 5 Pa. Superior Ct. 426.

In the absence of explanatory evidence the subsequent conduct of the parties does not leave the second clause of the resolution so free from uncertainty as to make the defendant liable, and the judgment is affirmed.